UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
EDY MARIBEL PONCE,

                Plaintiff,

      - against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-2451 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Edy Maribel Ponce brings this action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c) against Defendant Commissioner of Social Security Administration ("SSA"), seeking judicial review of the SSA's denial of her claims for Supplemental Security Income ("SSI"). Before this Court are the parties' cross-motions for judgment on the pleadings. (Dkts. 16, 22.) For the reasons set forth below, the Court grants Plaintiff's motion for judgment on the pleadings and denies the Commissioner's cross-motion.

## BACKGROUND

### I. Procedural History

By decision dated August 20, 2020, the ALJ found that Plaintiff was not disabled within the meaning of the Act from April 30, 2019, the date the SSI application was filed, through the date of the ALJ's decision. (Tr. 15-29.) On November 9, 2020, Plaintiff requested a review of the ALJ's decision. (Tr. 41-44.) On March 10, 2021, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's determination the Commissioner's final decision. (Tr. 1-8.) Thereafter, Plaintiff timely commenced this action on May 3, 2021. (Complaint, Dkt. 1.)

## II.     The ALJ's Decision

In evaluating disability claims, the ALJ must adhere to a five-step inquiry. The plaintiff bears the burden of proof at the first four steps of the inquiry; the Commissioner bears the burden at the final step. *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citation omitted). First, the ALJ determines whether the plaintiff is currently engaged in "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). If the answer is yes, the plaintiff is not disabled. *Id.* If the answer is no, the ALJ proceeds to the second step to determine whether the plaintiff suffers from a severe impairment. *Id.* § 416.920(a)(4)(ii). An impairment is severe when it "significantly limits [the plaintiff's] physical or mental ability to do basic work activities." *Id.* § 416.922(a). If the plaintiff does not suffer from an impairment or combination of impairments that is severe, then the plaintiff is not disabled. *Id.* § 416.920(a)(4)(ii). But if the plaintiff does suffer from an impairment or combination of impairments that is severe, then the ALJ proceeds to the third step and considers whether it meets or medically equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). *Id.* § 416.920(a)(4)(iii); *see also id.* Pt. 404, Subpt. P, App'x 1. If the ALJ determines at step three that the plaintiff has an impairment that meets or equals one of the listed impairments, then the ALJ will find that the plaintiff is disabled under the Act. *Id.* § 416.920(a)(4)(iii). On the other hand, if the plaintiff does not have such an impairment, the ALJ must determine the plaintiff's residual functional capacity ("RFC") before continuing to steps four and five. To determine the plaintiff's RFC, the ALJ must consider the plaintiff's "impairment(s), and any related symptoms, [that] may cause physical and mental limitations that affect what [the plaintiff] can do in a work setting." *Id.* § 416.945(a)(1). The ALJ will then use the RFC finding in step four to determine if the plaintiff can perform past relevant work. *Id.* § 416.920(a)(4)(iv). If the answer is yes, the plaintiff is not disabled. *Id.* Otherwise, the ALJ will proceed to step five

2

and determine whether the plaintiff, given their RFC, age, education, and work experience, has the capacity to perform other substantial gainful work in the national economy. *Id.* § 416.920(a)(4)(v). If the answer is yes, the claimant is not disabled; otherwise, the claimant is disabled and is entitled to benefits. *Id.*

Here, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 30, 2019, more than ten years after the alleged onset date. (*Compare* Tr. 25 *with* Tr. 74-75 (stating date of onset was June 15, 2008).) At step two, the ALJ determined that Plaintiff had the "following severe impairments: degenerative disk disease, fibromyalgia, arthritis, obesity, depression and anxiety." (Tr. 17.) At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments in the Listings. (Tr. 18.) The ALJ then determined Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform sedentary work[1] . . . She can engage in occupations that can be performed by someone using a cane to ambulate away from the work station. She can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs; but cannot climb ladders, ropes, or scaffolds. The claimant can frequently, but not constantly, handle and finger with both hands. She cannot be exposed to hazards, such as dangerous moving machinery or unprotected heights. The claimant is limited to performing simple and routine tasks and can tolerate occasional contact with the public.

(Tr. 21.) At step four, the ALJ concluded that Plaintiff had no past relevant work. (Tr. 27.) Finally, at step five, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff can perform. (Tr. 28.) The ALJ thus concluded that Plaintiff was not disabled. (Tr. 29.)

---

[1] The Social Security Act's regulations define "sedentary work" as work that "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 416.967(a). The regulations further note that a sedentary job "is defined as one which involves sitting," but also requires "a certain amount of walking and standing . . . in carrying out job duties." *Id.*

3

**STANDARD OF REVIEW**

Unsuccessful claimants for disability benefits may bring an action in federal district court seeking judicial review of the Commissioner's denial of benefits. 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c). In reviewing a final decision of the Commissioner, the Court's role is "limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera*, 697 F.3d at 151. "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (*per curiam*) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal quotation marks and brackets omitted). In determining whether the Commissioner's findings are based on substantial evidence, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Id.* However, "it is up to the agency, and not this court, to weigh the conflicting evidence in the record." *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). If there is substantial evidence in the record to support the Commissioner's findings as to any fact, those findings are conclusive and must be upheld. 42 U.S.C. § 405(g); *see also Cichocki v. Astrue*, 729 F.3d 172, 175–76 (2d Cir. 2013) (*per curiam*).

**DISCUSSION**

Plaintiff contends that the ALJ's decision is not supported by substantial evidence and that the ALJ failed to apply the relevant legal standards. (Plaintiff's Motion for Judgment on the Pleadings ("Pl. Mot."), Dkt. 17, at 12-25.) As discussed below, the Court grants Plaintiff's motion and remands to the SSA because the ALJ failed to adequately develop the record. *See Almonte v. Comm'r of Soc. Sec.*, No. 21-CV-3091 (PKC), 2022 WL 4451042, at *7 (E.D.N.Y. Sept. 23, 2022) ("[A] failure to develop the record is sufficient to remand . . .").

It is undisputed that Plaintiff suffers from fibromyalgia. (Tr. 19.) Under SSR 12-2p, there are two sets of criteria by which an adjudicator may find that a claimant has a medically determinable impairment of fibromyalgia. (Tr. 18-19.) Under Section II(A) of the Rule, a claimant has a medically determinable impairment of fibromyalgia if they can demonstrate all three of the following:

> 1. A history of widespread pain—that is, pain in all quadrants of the body (the right and left sides of the body, both above and below the waist) and axial skeletal pain (the cervical spine, anterior chest, thoracic spine, or low back)—that has persisted (or that persisted) for at least 3 months. The pain may fluctuate in intensity and may not always be present.
>
> 2. At least 11 positive tender points on physical examination. . . . The positive tender points must be found bilaterally (on the left and right sides of the body) and both above and below the waist.
>
> 3. Evidence that other disorders that could cause the symptoms or signs were excluded.

Policy Interpretation Ruling, SSR 12-2p: Titles II and XVI: Evaluation of Fibromyalgia, 77 Fed. Reg. 143, 43640 (July 25, 2012). In this case, the ALJ concluded that "the treatment record does indicate that the claimant has a diagnosis of fibromyalgia, but does not demonstrate that the claimant satisfies all the requirements of either criteria. She did not complain of pain in all four quadrants, did not have an examination detailing the requisite number of positive tender points, nor had consistent documentation of the requisite amount of other fibromyalgia symptoms." (Tr. 19.) With respect to the Section II(A) criteria, the ALJ's finding was error for two reasons.

First, to the extent that Plaintiff "did not have an examination detailing the requisite number of positive tender points," the ALJ failed to develop the record. An ALJ is "required to order [a consultative] examination where the examination is necessary to resolve a conflict or ambiguity in the record," *Levy v. Comm'r of Soc. Sec.*, No. 18-CV-06186 (EAW), 2020 WL 13558695, at *3 (W.D.N.Y. Feb. 6, 2020), and to fill obvious gaps in the record, *Agosto v. Comm'r of Soc. Sec.*,

No. 20-CV-5640 (PKC), 2022 WL 4586304, at *3 (E.D.N.Y. Sept. 29, 2022) ("[T]he ALJ has an independent duty to fill obvious gaps in the record, obtain up-to-date documents in lieu of relying on stale ones, and make all reasonable attempts to obtain medical opinions." (collecting cases)). In this case, the lack of a "tender point" examination was critical to the ALJ's analysis and there existed an ambiguity, and an obvious gap, in the record as to whether Plaintiff suffered from "[a]t least 11 positive tender points on physical examination."  The absence of an appropriate examination is particularly acute where, as here, Plaintiff repeatedly claimed that she suffered from "too much pain" that radiated "all over" her "whole body."  (Tr. 226-27.)

Second, and relatedly, it is unclear from the record how the ALJ concluded that Plaintiff "did not complain of pain in all four quadrants" for "at least 3 months" when, once again, Plaintiff repeatedly reported that she suffered pain throughout her body. (*See, e.g.*, Tr. 425 (Dr. Vikas Varma finding, in January 2019, that Plaintiff was suffering from "joint pain, joint stiffness, back pain, muscle cramps, muscle weakness, muscle aches, loss of strength, neck pain, swelling of hands and feet, leg cramps, shoulder pain, elbow pain, hand pain, hip pain, thigh pain, calf pain, leg pain, wrist pain, finger pain, heel pain, toe pain, ankle pain, and knee pain"); Tr. 1066 (Plaintiff's treating physician, Dr. Jeannette Cano-Landivar, finding in July 2019 that Plaintiff's overall health was "poor" and that she suffered from painful range of motion "of the shoulders, hips, knees, [and] ankles").)  Therefore, the Court finds that this case must be remanded.

## CONCLUSION

For the reasons set forth herein, the Court grants Plaintiff's motion for judgment on the pleadings and denies the Commissioner's cross-motion. The Commissioner's decision is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Memorandum & Order. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 30, 2022
    Brooklyn, New York